UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
Southern Division

**FILED**
JAN 27 2015


| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY and WAKEFIELD PORK, INC.** | Case No.: 15-4041 |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY DEMAND |
| **JENSEN FARMS, INC., and PHONETICS, INC., D/B/A SENSAPHONE,** | |
| Defendants. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs Westfield Insurance Company and Wakefield Pork, Inc., by and through their counsel YOST & BAILL, LLP and GISLASON & HUNTER, LLP, and for their Complaint state as follows:

### I. JURISDICTION & VENUE

1. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. Venue is proper within this jurisdiction pursuant to 49 U.S.C. § 14706 because the situs of the incident giving rise to this occurred in Kingsbury County, SD.

### II. PARTIES

3. Westfield Insurance Company ("Westfield") is a foreign insurance company, duly authorized to conduct business within the state of South Dakota, with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

4. Wakefield Pork, Inc. ("Wakefield") is a Minnesota corporation in the business of pork production with a principal place of business located at 410 Main Avenue East, Gaylord,

MN 55334, and is <u>duly licensed by the State of South Dakota to conduct business in South Dakota</u>.

5. Jensen Farms, Inc. ("Jensen) is a South Dakota corporation in the business of agricultural production, with a principal place of business located at 20458 444th Avenue, Lake Preston, SD 57249 and with a registered agent of L. Paul Jensen, 24785 474th Avenue, Dell Rapids, SD 57022.

6. Phonetics, Inc. d/b/a Sensaphone ("Sensaphone") is a Pennsylvania corporation in the business of manufacturing remote monitoring devices, with a registered agent office address as 901 Tyrens Road, Aston, PA 19014.

7. At all times relevant, Westfield issued a policy of insurance to Wakefield, which provided, amongst other items, coverage that included suffocation of poultry and livestock.

## FACTS

8. That on or between December 16, 2013 and December 20, 2013, Plaintiff Wakefield shipped 4,159 pigs to Defendant Jensen to grow and provide nursery care. Of these 4,159 pigs, 2,277 were transferred from the site to a finishing barn, 110 pigs died for reasons other than suffocation, and 1,772 died of suffocation.

9. As grower and acting nursery for the pigs, Defendant Jensen was responsible for, among other things, providing and maintaining the proper facility for the pigs, which included, among other things, a proper ventilation system.

10. Upon information and belief, in the growing rooms where the pigs were being housed, Defendant Jensen was using a ventilation system that incorporated use of a remote monitoring device manufactured by Defendant Sensaphone.

11. On or about February 3, 2014, the ventilation system equipment and/or its component parts and/or the Sensaphone remote monitoring device failed, and 1,750 pigs died from suffocation.

12. As a direct and proximate result of the above-referenced incident, Plaintiff Wakefield sustained damages in uninsured losses in an amount in excess of $75,000.

13. Pursuant to the terms and condition of the insurance policy referenced in paragraph 7 of this Complaint, Westfield was obligated to and did, in fact, pay insured damages in an amount in excess of $75,000 to Wakefield for damages incurred as a result of the loss of the pigs.

14. Pursuant to the terms and conditions of the insurance policy identified in paragraph 7 of this Complaint, and by virtue of its payments for damages in excess of $75,000 incurred as a result of the loss of the pigs, Westfield is subrogated to all rights, claims and causes of action Wakefield may have against Defendants in connection with the above-referenced incident.

## COUNT ONE – NEGLIGENCE – JENSEN FARM

15. Plaintiffs re-allege paragraphs 1 through 14, as set forth hereinabove.

16. Defendant Jensen negligently maintained the growing room and ventilation system equipment and/or its component parts and/or the Sensaphone remote monitoring device and the system failed, and such negligence was a direct and proximate cause of the pigs' suffocation described hereinabove.

17. Defendant Jensen's negligence was a direct and proximate cause of the damages sustained by Plaintiffs.

## COUNT TWO – BREACH OF CONTRACT – JENSEN FARM

18. Plaintiffs re-allege paragraphs 1 through 17, as set forth hereinabove.

19. Defendant Jensen entered into a contract with Wakefield, whereby Jensen agreed to act as grower and provide nursery services for pigs on behalf of Wakefield Pork.

20. Plaintiffs suffered damage when Jensen failed to properly maintain the ventilation system equipment and/or its component parts and/or the Sensaphone remote monitoring device, resulting in the demise of Wakefield's pigs.

21. Defendant Jensen breached the contract when it failed to maintain the ventilation system equipment and/or its component parts and/or the Sensaphone remote monitoring device, and the pigs perished.

22. Defendant Jensen's breach of contract was a direct and proximate cause of the damages sustained by Plaintiffs.

## COUNT THREE – BREACH OF EXPRESS AND IMPLIED WARRANTIES – JENSEN FARM

23. Plaintiffs re-allege paragraphs 1 through 22, as set forth hereinabove.

24. By holding itself out as especially qualified to be growers and provide nursery care, as those terms are known in the industry, Defendant Jensen expressly and/or impliedly warranted that the growing room, the ventilation system equipment and/or its component parts and/or the Sensaphone remote monitoring device would be maintained in a reasonably good and proper manner.

25. By participating in the business of agricultural production which includes growing and nursery services, Defendant Jensen expressly and/or impliedly warranted to Wakefield that growing room, the ventilation system equipment and/or its component parts and/or the

4

Sensaphone remote monitoring device would be maintained in a reasonably good and proper manner.

26. Defendant Jensen breached said express and implied warranties by failing to provide Wakefield with growing and nursery services performed in a reasonably good and proper manner.

27. As a result of Defendant Jensen's breach, Plaintiffs incurred a loss in an amount in excess of $75,000.

## COUNT FOUR – BAILMENT/CONVERSION – JENSEN FARM

28. Plaintiffs reallege paragraphs 1 through 27, as set forth hereinabove.

29. Upon information and belief, on or about August 1, 1998, Plaintiff Wakefield contracted with Jensen Farms, Inc., whereby Defendant Jensen agreed to act as a grower and provide nursery services for pigs on behalf of Wakefield Pork.

30. That said pigs, having been left in the care, custody and control of Defendant Jensen, which was in the business of a grower and nursery, constitutes a bailment.

31. That Defendant Jensen failed to adequately grow and provide nursery care for the pigs, and such, a majority of the pigs perished and were not returned to Wakefield.

32. Defendant Jensen failed to redeliver the pigs to Wakefield that were placed with it as bailment or the value of the pigs thereof, and as such, was a direct and proximate cause of damage to Plaintiffs.

33. Defendant Jensen failed in its duty as bailee to safely keep the pigs and redeliver them upon demand by Plaintiff Wakefield and thereby converted the pigs to Jensen's own use.

34. Defendant Jensen is absolutely liable to Plaintiffs for the loss of the pigs.

## COUNT FIVE – NEGLIGENCE – SENSAPHONE

35. Plaintiffs reallege paragraphs 1 through 32, as set forth hereinabove.

36. That at all times herein, Sensaphone had a duty to exercise reasonable care in the design, manufacture, testing and inspection of the remote monitoring device.

37. That Defendant Sensaphone failed to fulfill such duty and through said negligence in design and/or manufacture and/or testing and/or inspection, the device was rendered defective.

38. Defendant Sensaphone's negligence was a direct and proximate cause of the damages sustained by Plaintiffs.

WHEREFORE, Westfield Insurance Company and Wakefield Pork, Inc. respectfully request that judgment be entered in its favor and against Defendants Jensen Farm and Phonetics a/k/a Sensaphone, in an amount in excess of $75,000 plus costs, and for such other or further relief as this Court deems equitable and just.

Dated this 26th day of JAN 2015

YOST & BAILL, LLP

By _____
Steven L. Theesfeld (Bar No. 4255)
220 South Sixth Street, Suite 2050
Minneapolis, MN 55402
Tel 612-338-6000
Fax 612-344-1689
stheesfeld@yostbaill.com

Dated this ___ day of ___ 2015

GISLASON & HUNTER

By _____
Timothy Tobin (Applying Pro Hac Vice)
701 Xenia Avenue South
Minneapolis, MN 55416
Phone: 763-225-6000
ttobin@gislason.com

6